IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

---

| | |
|---|---|
| Lisa Bean, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| Convergent Outsourcing, Inc | ) <u>Jury Trial Demanded</u> |
| | ) |
| Defendant. | ) |
| | ) |

---

## COMPLAINT

### INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 <u>et seq.</u>

### JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA") by Defendant, in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here and Plaintiff resides here.

## PARTIES AND PERSONAL JURISDICTION

5. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 4 above as if set forth fully herein.

6. Plaintiff, Lisa Bean, (hereafter referred to as "Plaintiff") is a resident of this State, District and Division and is authorized by law to bring this action.

7. Defendant Convergent Outsourcing, Inc, f/k/a ER Solutions, Inc. (hereafter referred to as "Defendant") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a for-profit corporation organized in Washington, with its principal office located at 800 SW 39th Street Renton, WA 98057 and maintains CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

8. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

9. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 8 above as if set forth fully herein.

10. Defendant alleges Plaintiff incurred an obligation to pay money arising out of a transaction in which money, property, insurance or services which are the subject of the transaction are primarily for personal family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. Specifically, Plaintiff previously had a financial obligation to Providian Financial Corporation whereby payments were not made and the account was ultimately charged off.

12. Upon information and belief, the original creditor, First Bank of Delaware, waived its right to collect interest. First Bank of Delaware's waiver of its right to collect interest is transferred to any purchaser of this debt and said purchaser or agent for said purchaser shall be bound to First Bank of Delaware's waiver.

13. Upon information and belief Midland Funding, LLC acquired the charged off debt from First Bank of Delaware and Defendant is collecting for Midland Funding, LLC.

14. On or around May 7, 2015, Plaintiff received a collection letter from Defendant. A copy of collection letter is attached as Exhibit 1 and incorporated herein by reference.

15. That Defendant, in its collection letter, offered no explanation as to why Plaintiff owed $809.13 in interest on a principal indebtedness of only $706.08 for a total of $1,515.21.

16. Plaintiff asserts that Defendant is collecting interest and or fees that it neither legally nor contractually is allowed to collect.

17. Plaintiff further asserts that he had not made any voluntary payments on this debt in the last six years prior to receiving the collection letter from Defendant.

### CAUSES OF ACTION
### FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

18. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 17 above as if set forth fully herein.

19. By attempting to collect interest and fees not allowed by either contract or law, Defendant is violating FDCPA § 1692e (2)(A), § 1692e (2)(B) and § 1692f (1) by falsely representing the character, amount or legal status of the debt, falsely representing any compensation which may be lawfully received for the collection of this debt and attempting to

collect any amount of money from Plaintiff (including any interest, fees charges or other expenses) not expressly authorized by the agreement creating the debt or permitted by law.

20. Defendant is attempting to collect interest on a charged-off debt when the Court of Appeals has opined it is a violation of FDCPA to do so. Specifically, the Court of Appeals for the Sixth Circuit held in *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443 (6th Cir. 2014), that once a credit card is charged off, the creditor, as well as any subsequent purchaser of that debt, waives its right to collect interest.

21. By attempting to charge interest and or fees for a charged off account, that Defendant neither legally or contractually is authorized to collect Defendant is violating FDCPA §§ 1692e (2)(A), 1692e (2)(B), 1692f (1).

22. Plaintiff asserts that the balance demanded by Defendant demonstrates that the Defendant does not have actual knowledge of the correct amount owed on this account, if any.

23. The Plaintiff asserts that the balance demanded by Defendant demonstrates that the Defendant does not have actual knowledge of the correct amount of interest and or fees applicable to this account, if any.

24. The Plaintiff further asserts that Defendant is attempting to confuse her as to the amount owed, so that if she were to make payments on this account she would never know the actual amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

25. Defendant's collection letter never asserts that interest and/or fees are accruing or at what rate interest/fees are accruing, late charges and other charges may vary from day to day, and therefore even if she were to pay the full amount demanded of her, Defendant may still seek more from her in the future.

26. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

27. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

## CAUSES OF ACTION
## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

28. That Defendant is using unfair, deceptive and misleading means in attempting to collect a debt that is time-barred in violation of FDCPA § 1692e (2)(A), § 1692e (5) and § 1692f (1).

29. That Defendant's collection letter infers the potential threat of legal action if Plaintiff does not "settle" this debt, even though the debt is time-barred from legal action.

30. In *Buchanan v. Northland Grp., Inc.*, the Sixth Circuit Court of Appeals found that a collection letter offering a "settlement" on a time barred debt could plausibly lead a "reasonably unsophisticated consumer" into thinking the debt was enforceable in court, even though the debt was time-barred from legal action. 776 F.3d 393, 398 (6th Cir., 2015).

31. Defendant's collection letter, much like the Northland collection letter, gave Plaintiff the opportunity to "settle" the debt. The *Buchana*n Court stated that "a 'settlement offer' on a time-barred debt may falsely imply that payment could be compelled through litigation" and therefore could be misleading, violating FDCPA § 1692e (2)(A), § 1692e (5) and § 1692f (1) by falsely representing the character and or legal status of the alleged debt, by threatening to take any action that cannot be legally taken and by attempting to collect any amount of money from Plaintiff not permitted by law.

32. The Defendant is misleading the unsophisticated consumer into thinking he must "settle" this disputed, time barred debt or risk being sued.

33. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

34. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k (a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k (a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

Respectfully submitted this 31st day of March 2016.

                                              Lisa Bean

                                              BY: /S/ Cynthia T. Lawson
                                              CYNTHIA T. LAWSON, #018397
                                              Bond, Botes & Lawson, P.C.
                                              Attorney for Plaintiff
                                              6704 Watermour Way
                                              Knoxville, TN  37901
                                              Phone: 865-938-0733
                                              cynthialawson@bbllawgroup.com